# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AMANDA BOUCHOUTSOS and** | * | **DOCKET NO.** |
| **PANAGIOTIS KAVALLARIS, individually** | * | |
| **and on behalf of their minor children, A.K.** | * | **Judge** |
| **and K.K.** | * | |
| | * | **Mag. Judge** |
| versus | * | |
| | * | |
| **XYZ INSURANCE COMPANY;** | * | |
| **IMMIGRATION LAW GROUP OF** | * | |
| **BOWERMAN & ASSOCIATES, A** | * | |
| **PROFESSIONAL LAW CORPORATION;** | * | |
| **and KRISTIE LEIGH BOWERMAN** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT FOR DAMAGES

The Complaint of Amanda Bouchoutsos and Panagiotis Kavallaris, individually and on behalf of their minor children, A.K. and K.K., with respect represents that:

**1.**

Plaintiff Amanda Bouchoutsos is of the full age of majority, and is a resident of, and domiciled in, Montreal, Canada. Ms. Bouchoutsos is a citizen of Canada.

**2.**

Panagiotis Kavallaris is of the full age of majority, and is a resident of, and domiciled in, Montreal, Canada. Mr. Kavallaris a citizen of Greece.

**3.**

Plaintiffs are the parents of two minor children, A.K. and K.K., each of whom is domiciled in Houston, Texas under a student visa. Both children are citizens of Canada.

**4.**

Made defendants herein are the following:

a. Kristie Leigh Bowerman (hereinafter "Bowerman"), who, upon information and belief, is and a resident of, and domiciled in, the Parish of Orleans, State of Louisiana and, at all times pertinent herein, has been an attorney licensed to practice in the State of Louisiana and doing business within the jurisdiction of this Honorable Court

b. Immigration Law Group of Bowerman & Associates, A Professional Law Corporation (hereinafter "ILG") which, upon information and belief, is a Louisiana corporation with its principal business establishment and domicile in the Parish of Orleans, State of Louisiana and, at all times pertinent herein, has been doing business within the jurisdiction of this Honorable Court.  At all times material hereto, ILG has been owned wholly and operated by defendant Bowerman; and

c. XYZ Insurance Company, a foreign insurance company, at all times pertinent herein, has been authorized to do and doing business in the State of Louisiana and the jurisdiction of this Honorable Court, and which issued policies of professional liability insurance to defendant Bowerman and ILG covering the claims and losses alleged herein, and making this defendant liable *in solido* with defendants Bowerman and ILG pursuant to the Louisiana Direct Action Statute (La. R.S. 22:1269).

**5.**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity between plaintiffs and defendants and the amount in controversy is greater

than $75,000, exclusive of interests and costs. Venue is appropriate in this District, as the alleged negligent acts of defendant Bowerman were committed in this District.

**6.**

The defendant ILG, at all times pertinent herein, has held itself out as an entity with knowledge, experience, and expertise in the field of immigration law.

**7.**

In July 2014, plaintiffs retained defendant Bowerman and ILG to represent them and their minor children, A.K. and K.K. in order to secure and protect certain rights available to plaintiffs and their children under immigration law.

**8.**

At all relevant times, ILG was vicariously liable for the negligent acts of Bowerman, who acted as ILG's agent and principal.

**9.**

At all times pertinent, the defendants Bowerman and ILG knew, or should have known, that the contract entered into with plaintiffs was intended to gratify nonpecuniary interests of plaintiffs and their minor children.

**10.**

Plaintiffs sought representation of defendants Bowerman and ILG because they had purchased a franchise restaurant in Houston, Texas and wished to move to that city from Canada in order to manage and operate the business locally. Plaintiffs asked defendant to secure the status needed for each member of their family so that this could be done properly and legally.

**11.**

The defendant Bowerman recommended filing an L-1A visa for Mr. Kavallaris and obtaining derivative L-2 visas for Ms. Bouchoutsos, A.K and K.K.

**12.**

On August 16, 2014, Ms. Bouchoutsos, A.K. and K.K. entered the United States using the land port-of-entry in Montreal, Canada.

**13.**

On September 25, 2014, the defendant Bowerman informed Mr. Kavallaris by telephone that she intended to file Mr. Kavallaris' L-1A petition the next day.  The defendant Bowerman further advised on this call that the petition would include a request for premium processing so as to ensure a timely response.

**14.**

On October 1, 2014, the defendant Bowerman unequivocally represented to plaintiffs' corporate attorney, Marilyn Vilandos, that she had filed the L-1A petition on September 28, 2014 and that she was awaiting confirmation receipt from premium processing.  Ms. Vilandos in turn informed plaintiffs that this had occurred, based on the representation of the defendant Bowerman.

**15.**

On November 29, 2014, Mr. Kavallaris moved to Houston pursuant to the United States Citizenship and Immigration Services ("USCIS") visa waiver program.

**16.**

In December 2014, Mr. Kavallaris called the defendant Bowerman to inquire about the status of his L-1A petition. Bowerman represented to plaintiffs that the petition had been filed, but claimed that USCIS's confirmation of receipt was delayed due to an unexpected hacking of the USCIS system which had caused disarray in the processing of pending immigration petitions and applications.

**17.**

On January 12, 2015, Ms. Bouchoutsos e-mailed the defendant Bowerman to again inquire about the L-1A petition, since plaintiffs still had not received any receipt notices despite having been advised by this defendant that the petition had been filed almost four months prior. Ms. Bouchoutsos at this time advised the defendant Bowerman that she (plaintiff) would lose her driver's license in February 2015 without proper confirmation of her immigration status. Ms. Bouchoutsos further advised this defendant that plaintiffs' children were enrolled in school in Houston, Texas.

**18.**

In reply to the aforementioned communication from Ms. Bouchoutsos, the defendant Bowerman stated that Ms. Bouchoutsos' non-immigrant petition was pending with USCIS, and that she and her family could remain in the United States lawfully while the petition was pending.

**19.**

The defendant Bowerman failed to advise the plaintiffs at this, or at any, time that their children could <u>not</u> be enrolled in public schools during the time the family had only visitor status in the United States.

**20.**

In a response dated February 5, 2015, the defendant Bowerman expressly represented that: "our liaison is working on obtaining information from USCIS. While receipts are typically issued within 14 days . . . there are exceptions to this rule. Unfortunately right now we are seeing this exception with your case and another that we filed under Premium Processing."  The defendant Bowerman assured Ms. Bouchoutsos at this time that her family nonetheless retained legal status in this country.

**21.**

In a telephone conversation with Mr. Kavallaris on March 2, 2015, the defendant Bowerman represented that the L-1A petition had been located, and that she expected to soon have a receipt confirmation number.

**22.**

Three weeks later, on March 25, 2015, Ms. Bouchoutsos e-mailed the defendant Bowerman requesting the receipt confirmation number.  Bowerman again did not respond to this e-mail.

**23.**

On April 1, 2015, Ms. Bouchoutsos again e-mailed the defendant Bowerman, requesting both a copy of the filed petition and the receipt confirmation number. Bowerman did not respond to this e-mail.

**24.**

The following week, Ms. Bouchoutsos again e-mailed the defendant Bowerman, offering to have her brother-in-law pick up the requested file materials from the defendant's office, since this gentleman (her brother-in-law) was in New Orleans at the time. The defendant Bowerman responded by email on April 8, 2015, advising that premium processing cases are "receipted" within 30 days, that plaintiffs' case was an exception, that the submitted petition did not exist in electronic form, and that plaintiffs could not have her office's copy of the file.

**25.**

On April 19, 2015, Ms. Bouchoutsos e-mailed the defendant Bowerman requesting a face-to-face meeting to pick up the file. On May 4, 2015, Bowerman replied that such a meeting would not be necessary, and further advised that Mr. Kavallaris could travel abroad lawfully since he had a pending nonimmigrant petition.

**26.**

On May 11, 2015, the defendant Bowerman e-mailed plaintiffs a receipt notice for the L-1A petition. However, the "received date" field was blank in the Form I-797C sent by Bowerman, whereas, on the copy of the Form I-797C which plaintiffs received directly from USCIS, the "received date" field on the petition was marked "May 5, 2015," less than one week before the defendant emailed the receipt notice to plaintiffs.

**27.**

Despite the defendant Bowerman's numerous misrepresentations that she had filed an L-1A petition for Mr. Kavallaris, in truth and in fact she did not file the principal L-1A petition for Mr. Kavallaris until May 5, 2015.

**28.**

Moreover, at no time pertinent herein, did the defendant Bowerman file a derivative application or the plaintiff Ms. Bouchoutsos and/or her children.

**29.**

The defendants Bowerman and ILG were negligent in connection with their representation of plaintiffs in the following non-exclusive respects:

a. By failing to timely and adequately file immigration forms with the USCIS for plaintiffs and their children;

b. By failing to timely and adequately perform the duties set forth in the representation agreement between defendants Bowerman and ILG and Plaintiffs;

c. By failing to diligently represent plaintiffs before the USCIS;

d. By fraudulently misrepresenting the dates and times of submission of immigration petition documents;

e. By refusing to timely respond to plaintiffs' correspondence;

f. By failing to meet with plaintiffs at their request;

g. By failing to promptly forward a copy of plaintiffs' file when requested by plaintiffs; and

h. By failing to advise plaintiffs of the expiration of their immigration status and the consequences thereof.

**30.**

As a direct and proximate result of the defendant Bowerman's negligence, Ms. Bouchoutsos lost her driver's license in February 2015, which resulted in plaintiffs incurring significantly increased travel expenses.

**31.**

As a direct and proximate result of the defendant Bowerman's negligence, plaintiff Kavallaris' L-1A petition was denied on August 21, 2015.

**32.**

As a direct and proximate result of the defendant Bowerman's negligence, plaintiffs were required to remove their children from public school and to enroll them in private school in Houston at a significantly increased cost.

**33.**

As a direct and proximate result of the defendant Bowerman's negligence, plaintiffs were forced to leave the United States, lose the benefit of personal oversight of substantial investments in a family restaurant business and in real estate, and leave behind their minor children so that they might continue their education in Houston.

**34.**

As a direct and proximate result of the defendant Bowerman's negligence, plaintiffs have sustained the loss of the enjoyment and quality of their life activities, as well as the loss of consortium in being forced to live apart from their minor children, A.K. and K.K., for extended periods of time.

**35.**

As a direct and proximate result of the defendant Bowerman's negligence, A.K. and K.K. have sustained a loss of consortium in being forced to live apart from their parents for long periods of time.

**36.**

As a direct and proximate result of the defendant Bowerman's negligence, plaintiffs have been unable to personally manage and oversee their business, causing or contributing to significant losses and additional management expenses.

**37.**

As a direct and proximate result of the defendant Bowerman's and ILG's breaches of their representation agreement with plaintiffs, including the nonperformance of duties set forth in the contract, defendants are liable for all damages, foreseeable and unforeseeable, pecuniary and nonpecuniary, that are a direct consequence of the defendant Bowerman's legal fault.

**38.**

As a direct and proximate result of the foregoing, plaintiffs have been caused to sustain, and continue to sustain, losses and damages, which include, but are not limited to, keen mental anguish, the loss of enjoyment of life, the loss of consortium, lost income, medical expenses and other pecuniary and non-pecuniary losses.

**39.**

Plaintiffs pray for all such damages as are reasonable in the premises, including, but not limited to, the damages set forth hereinabove. The damages alleged by plaintiffs are sufficient to establish the jurisdiction of this Court.

WHEREFORE, plaintiffs, Amanda Bouchoutsos and Panagiotis Kavallaris, individually and on behalf of their minor children, A.K. and K.K., pray that defendants, Kristie Leigh Bowerman, Immigration Law Group of Bowerman & Associates, A Professional Law Corporation, and XYZ Insurance Company, be served with a copy of this Complaint for Damages and that, after due proceedings had, there be judgment in their favor and against defendants, jointly, severally and *in solido*, in an amount that will compensate plaintiffs for their damages, pursuant to the evidence and in accordance with the law, together with legal interest thereon from the date of judicial demand until paid, all costs and disbursements of these proceedings, and all other general and equitable relief as the Court may deem fit.

Respectfully submitted:

**GAINSBURGH, BENJAMIN,
DAVID, MEUNIER & WARSHAUER, L.L.C.**

BY:   */s/ M. Palmer Lambert*
ROBERT J. DAVID (La. Bar #4704)
GERALD E. MEUNIER (La. Bar #9471)
M. PALMER LAMBERT (La. Bar #33228)
2800 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2800
Phone: (504) 522-2304
Facsimile: (504) 528-9973
Email: rdavid@gainsben.com
Email: gmeunier@gainsben.com
Email: plambert@gainsben.com

Attorneys for Plaintiffs

**PLEASE SERVE:**

**Kristie Leigh Bowerman**
938 Lafayette Street, Suite 201
New Orleans, LA 70113

**Immigration Law Group of Bowerman & Associates, A Professional Law Corporation**
Through its Registered Agent:
Kristie L. Bowerman
938 Lafayette Street, Suite 201
New Orleans, LA 70113

**PLEASE HOLD SERVICE:**

**XYZ Insurance Company**